IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JALIL S. REED, | : | Civil No. 1:23-CV-01837 |
| Plaintiff, | : | |
| v. | : | |
| SMITH, UNIT MANAGER SCI-PHOENIX, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is Defendants' motion to partially dismiss the amended complaint. (Doc. 17.) Also pending is an unsupported motion for a preliminary injunction. (Doc. 31.) The court will grant in part and deny in part the motion for to partially dismiss the complaint and deem the unsupported motion for a preliminary injunction withdrawn pursuant to local rules.

**BACKGROUND AND PROCEDURAL HISTORY**

Jalil S. Reed ("Plaintiff") initiated this action by filing a complaint in November of 2023. (Doc. 1.) On November 6, 2023, the court issued an order directing Plaintiff to pay the filing fee or file a motion to proceed *in forma pauperis*. (Doc. 5.) Plaintiff filed a motion to proceed *in forma pauperis* and a prisoner trust account statement on November 27, 2023. (Docs. 6, 7.) On December 28, 2023, the court granted Plaintiff's motion to proceed *in forma pauperis* and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

1

(Doc. 10.)  The court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for not alleging personal involvement on the part of the named defendants.  (Doc. 10.)

The court received and docketed Plaintiff's amended complaint on January 12, 2024.  (Doc. 11.)  In the amended complaint, Plaintiff names the following five defendants: (1) Smith, Unit Manager at State Correctional Institution Phoenix ("SCI-Phoenix"); (2) Austin, "PSS" at State Correction Institution Dallas ("SCI-Dallas"); (3) Joseph Terra, Superintendent at SCI-Phoenix; (4) Jason Bohinski, Deputy Warden at SCI-Dallas; and (5) Allen, "PSS" at SCI-Phoenix.  (*Id.*, pp. 2–3.)[1]  Plaintiff alleges that all the events giving rise to his claims occurred on August 11, 2022 at SCI-Dallas.  (*Id.*, p. 4.)  Plaintiff alleges that at SCI-Dallas on August 11, 2022, he was placed in solitary confinement despite his diagnosis.  (*Id.*)  Plaintiff alleges that he complained of "irreparable mental anguish" to "[e]very Defendant (Except Joseph Terra)" and they all told him to "suck it up," "not their problem," and "you make it hard on yourself."  (*Id.*)  Plaintiff also alleges that he asked every Defendant for mental health treatment and was told "he'll be all right." (*Id.*)  He alleges that he put Defendant Terra on notice through a grievance and request slip, that went ignored.  (*Id.*)  As injury, Plaintiff alleges irreparable mental anguish, suicidal ideation, severe anxiety, and depression.  (*Id.*, p. 6.)  Based on

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

these alleged facts, Plaintiff raises an Eighth Amendment cruel and unusual punishment claim, an Americans with Disabilities Act claim, a Rehabilitation Act claim, an intentional infliction of emotional distress claim, a negligence claim, a failure to intervene claim, a failure to act claim, a failure to supervise claim, and failure to report claim, and a deliberate indifference claim.  (*Id.*)

On February 8, 2024, the court screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed the cruel and unusual punishment claim, the American with Disabilities Act claim, and the Rehabilitation Act claim.  (Doc. 13.)  On April 8, 2024, Defendants filed a motion to partially dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 17.)  Specifically, Defendants seek to have all claims dismissed except the Eighth Amendment deliberate indifference claim.  (*Id.*)  On May 10, 2024, Plaintiff filed a brief in opposition to the pending motion.  (Doc. 22.)  The motion to dismiss is now ripe to be addressed by the court.

Additionally, on September 24, 2024, Plaintiff filed a motion for a preliminary injunction, but he did not file a brief in support of his motion.  (Doc. 31.)

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil

cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Dallas, in Luzerne County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which

5

affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A. Defendants' Motion to Dismiss Defendants Smith, Terra, and Allen Based On a Lack of Personal Involvement Will Be Denied.

Defendants argue that Defendants Smith, Terra, and Allen "are employed at SCI-Phoenix," and lack personal involvement because the injuries took place at SCI-Dallas. (Doc. 11, pp. 4–6.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Defendants' argument that since Defendants Smith, Terra, and Allen are *currently* employed at SCI-Phoenix and, therefore, could not be personally involved in the alleged actions at SCI-Dallas on August 11, 2022, cannot be settled

6

at this procedural stage of the litigation as the argument is not supported by the pleading.  At this procedural posture, the court is limited to reviewing the amended complaint and any documents attached to the complaint.  *Mayer*, 605 F.3d at 230.  The amended complaint identifies SCI-Phoenix as the *current* job title and *current* work address of Defendants Smith, Terra, and Allen.  (Doc. 11, pp. 2–3.)  The amended complaint is dated January 6, 2023.  (*Id.*, p. 7.)  Therefore, Plaintiff alleges that as of January 6, 2023, Defendants Smith, Terra, and Allen were employed at SCI-Phoenix.  Nothing indicates that they were not employed at SCI-Dallas as of August 11, 2022.  For this reason, the claims against Defendants Smith, Terra, and Allen premised on a lack of personal involvement cannot be dismissed at this procedural posture based solely on the argument presented.  Defendants may renew their argument in a motion for summary judgment by presenting evidence of Defendants' employment as of August 11, 2022.

**B. Defendants' Motion To Dismiss Will Be Granted Based on Defendants' Sovereign Immunity.**

Defendants claim sovereign immunity on the negligence and intentional infliction of emotional distress claims.  (Doc. 18, pp. 6–9.)

It is well established that employees of the Commonwealth of Pennsylvania are entitled to sovereign immunity from common law tort claims so long as they are acting within the scope of their duties.  *See* PA CONST. Art. 1, § 11; 1 Pa. C.S.A. § 2310.  As codified by the Pennsylvania General Assembly:

7

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.  When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa. Cons. Stat. Ann. § 2310.  This grant of immunity "applies to Commonwealth employees in both their official and individual capacities." *Larsen v. State Employees' Ret. Sys.*, 553 F.Supp.2d 403, 420 (M.D. Pa. 2008); *see also Nguien v. Pennsylvania Dep't of Corr.*, 2021 WL 3563373, at *7 (W.D. Pa. Aug. 12, 2021) ("In other words, if the Commonwealth is entitled to sovereign immunity . . . then its officials and employees acting within the scope of their duties are likewise immune.") (quoting *Moore v. Commonwealth*, 538 A.2d 111, 115 (Pa. Commw. Ct. 1988)).

Commonwealth employees retain their sovereign immunity with respect to both intentional tort and negligence claims. *Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (citing *Holt v. Nw. Pa. Training P'Ship Consortium, Inc.*, 694 A.2d 1134, 1139 (Pa. Commw. Ct. 1997)).  The Commonwealth of Pennsylvania has explicitly retained its sovereign immunity and not waived it, except in ten carefully defined and limited circumstances: (1) vehicle liability; (2)

medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highway and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. 42 Pa. C.S. § 8522(b). None of the ten exceptions to sovereign immunity apply in the instant case.

Furthermore, it is clear that Defendants were acting within the scope of their employment. Under Pennsylvania law, an action falls within the scope of employment if it meets all of the following criteria:

> (1) is the kind that the employee is employed to perform; (2) occurs substantially within the job's authorized time and space limits; (3) is motivated at least in part by a desire to serve the employer; and (4) if force was used by the employee against another, the use of force is not unexpectable by the employer.

*Wesley v. Hollis,* Civ. A. No. 03–3130, 2007 WL 1655483, at *14 (E.D. Pa. June 6, 2007). "[W]illful misconduct does not vitiate a Commonwealth employee's immunity if the employee is acting within the scope of his employment, including intentional acts which cause emotional distress." *Cooper v. Beard,* Civ. A. No. 06–171, 2006 WL 3208783, at *16 (E.D.Pa. Nov. 2, 2006). Here, Plaintiff's claims against Defendants are all based on the purportedly deficient performance of their roles at SCI-Dallas. Nothing raised in the complaint alleges that Defendants acted outside the scope of their employment. Instead, Plaintiff alleges

that Defendants, in their various roles at SCI-Dallas, failed to help him when he alleged mental health distress. (Doc. 11, pp. 4–5.) Accordingly, sovereign immunity applies, and the state tort claims will be dismissed with prejudice.

### C. Plaintiff's Failure to Intervene, Failure to Act, Failure to Supervise, and Failure to Report Claims Will Not be Dismissed.

Plaintiff also raises a failure to intervene claim, a failure to act claim, a failure to supervise claim, and a failure to report claim. (Doc. 11, p. 6.) All such claims fall under the umbrella of an Eighth Amendment deliberate indifference claim. *See Burton v. Kindle*, 401 Fed.Appx. 635, 638 (3d Cir. 2010) (holding that "a pretrial detainee presenting a failure-to-protect claim must plead that the prison official acted with deliberate indifference to the detainee's health or safety"); *Bistrian*, 696 F.3d at 371 (citing *Grieveson v. Anderson,* 538 F.3d 763, 778 (7th Cir. 2008) ("As the Court of Appeals for the Seventh Circuit has observed, if an officer witnesses an inmate assault and fails to intervene, 'his actions would seemingly constitute a paradigm case of deliberate indifference.'")); *Forshey v. Huntingdon County*, No. 1:13-CV-0285, 2015 WL 5173717, at *7 (M.D. Pa. Sept. 2, 2015) (equating a failure to report claim as a deliberate indifference claim); *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (considering supervisor liability in an Eighth Amendment deliberate indifference claim).

Defendants argue that the failure to intervene claim, the failure to act claim, the failure to supervise claim, and the failure to report claim are mere legal

conclusions. In the amended complaint, Plaintiff states "they failed to protect me, intervene, and supervise their subordinates after all was put on notice that I was going thru irreparable mental anguish." (Doc. 11, p. 4.) Plaintiff then went on to include a failure to intervene claim, a failure to act claim, failure to supervise, and a failure to report claim in his legal claims. (*Id.*, p. 6.)

The Third Circuit has held that legal conclusions are not granted the same deference as alleged facts at this procedural posture of the action:

> A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the nonmovant. *Gross v. German Found. Indus. Initiative,* 549 F.3d 605, 610 (3d Cir.2008). Legal conclusions receive no such deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently "permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 129 S.Ct. at 1950; *Wilkerson,* 522 F.3d at 321–22.

*Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009). Here, Defendants concede that the Eighth Amendment deliberate indifference claim will survive the motion to dismiss. (Doc. 18, pp. 1–2.) To the extent that Plaintiff's failure to intervene, failure to act, failure to supervise, and failure to report claims exceed the scope of the surviving deliberate indifference claim, such claims are dismissed as being nothing more than legal conclusions unsupported by factual allegations.

### D. Plaintiff's Motion for a Preliminary Injunction Will Be Deemed Withdrawn.

On September 24, 2024, the court received and docketed Plaintiff's motion for a preliminary injunction seeking a hearing in this matter and the waiver of required briefing. (Doc. 31.) Plaintiff has not filed a brief in support of his motion. Local Rule 7.5 states, in pertinent part, that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." Without a brief in support of the motions, the court has insufficient information to determine whether it is appropriate to grant or deny the motion at this time. As such, the motion will be deemed withdrawn.

## CONCLUSION

For these reasons, Defendants' motion will be granted in part. Remaining is an Eighth Amendment deliberate indifference claim against all the named Defendants. Plaintiff's motion for a preliminary injunction will be deemed withdrawn. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: February 18, 2025